UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| SEAN MICHAEL RYAN, # 787263, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-525 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MICHIGAN DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Plaintiff's *pro se* complaint arises from the quality of medical care that he has received while

incarcerated in the Michigan prison system. Plaintiff is serving seven concurrent sentences of 25-to-

50 years after his conviction in the Saginaw County Circuit Court of multiple counts of criminal

sexual conduct, first-degree, involving a victim under the age of thirteen. Plaintiff also is serving

a sentence for attempted assault against a prison employee. His *pro se* complaint alleges that before

his incarceration in December 2010, he was already completely disabled and was receiving social

security benefits. Plaintiff challenges the medical care and prison assignments he has received since

his incarceration, which he contends violate his Eighth Amendment rights as well as his rights under

the Americans With Disabilities Act.

On October 28, 2013, District Judge Robert Holmes Bell issued a seventeen-page

opinion analyzing the merits of plaintiff's allegations, as required by 28 U.S.C. § 1915(e)(2) and

section 1915A(b). The court dismissed the claims against a number of defendants, while allowing plaintiff to pursue certain claims against the Michigan Department of Corrections and defendants Jensen, Watkins, Buchemn, and Stoddard.

Since the inception of this litigation, plaintiff has deluged the court with motions and other documents, some of which are duplicative and others of which are barely comprehensible. In the brief time since the court ordered service on certain defendants, plaintiff has filed fourteen motions, some of which are particularly abusive. For example, plaintiff has filed three previous motions for the appointment of counsel, all of which have been denied. Undaunted, plaintiff filed a fourth and fifth request, repeating his previous arguments and raising issues that apply to every prisoner/plaintiff in the Michigan system. Plaintiff's fourth and fifth motions for the appointment of counsel (docket #s 54, 75) will be denied.

Additionally, even before all defendants appeared, plaintiff filed a motion for the entry of a discovery order (docket # 49). The motion recites that plaintiff demanded the production of numerous categories of documents from the Litigation Coordinator at the prison, who did not respond to his request. On this basis, plaintiff seeks the production of an incredible volume of documentation, including twenty-seven separate prison policy directives or operating procedures, all of his own medical records (whether generated before or after his incarceration), the disciplinary files of all defendants and copies of all grievances filed by any prisoner against them, the names and addresses of all medical personnel who ever provided health care to plaintiff, and the names of all prisoners who have been lodged in plaintiff's housing unit since the time of his incarceration. This is just a small sample of the documents demanded by plaintiff. In addition to seeking production of documents beyond the scope of discovery, plaintiff's motion is procedurally flawed. Rule 34(a)

requires service of a request for production of documents on counsel for represented parties, not a prison litigation coordinator. It is clear that plaintiff has never asked defense counsel for the production of any documents. Plaintiff's motion for the entry of a discovery order (docket # 49) is procedurally flawed and abusive and must be denied.

Plaintiff has filed a motion for leave to file a second amended complaint, attaching a proposed amendment spanning twenty-five pages of virtually illegible printing. Motions to amend are governed by Fed. R. Civ. P. 15(a)(2). The court should freely grant leave to amend in the absence of good reasons to the contrary. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, numerous reasons counsel against granting leave to amend. The second amended complaint, if allowed, would name thirty-two defendants and span plaintiff's incarceration in four separate prison facilities. Plaintiff's proposed pleading is filled with legal argumentation and citations to authority, in an effort to demonstrate that Judge Bell's previous opinion was wrongly decided. Plaintiff's proposed, virtually incomprehensible pleading fails to meet the pleading standards of Fed. R. Civ. P. 8(a), which require a short and plain statement of the claim showing that the pleader is entitled to relief. If plaintiff were allowed to file this pleading, adjudication of this case would consume years, much of the time devoted to sorting out the nature of plaintiff's diffuse and widespread claims. Plaintiff's motion for leave to file a second amended complaint (docket # 53) and his motion for an expedited decision on his request to amend his complaint (docket # 70) will both be denied.

On January 13, 2014, the court entered its standard case management order for prisoner litigation. (docket # 59). The order provided that if any defendant filed a motion for summary judgment raising only failure to exhaust remedies, a period of 45 days would be allowed for plaintiff's discovery, *limited to the exhaustion issue only*. (Order, ¶ 2(c), docket # 59). All

defendants filed such a summary judgment motion on February 27, 2014. Heedless of the court's order, plaintiff filed a second, abusive motion for discovery (docket # 65) seeking the same documents previously sought in his first discovery motion. In violation of the court's case management order, the motion for discovery is not limited to the exhaustion issue. Approximately one week later, plaintiff filed yet another discovery motion (docket # 71), purportedly in compliance with the case management order. This discovery motion seeks, among other things, "any grievances, complaints or lawsuits filed by other inmates for interfering with the grievance system at all facilities but not limited to the following: Ionia, Bellamy Creek, E.C. Brooks, Reception and Guidance Center, Ionia Maximum Correctional Facility." Plaintiff will receive no help from this court in pursuing discovery if he persists in his extravagant demands for production of irrelevant records. Every litigant, even one representing himself, has the obligation to exercise reason and judgment, tailoring discovery demands to the issues in the case. Compliance with plaintiff's motion for discovery would require production of hundreds of thousands of documents, none of which pertain to this case. The court cannot reward *pro se* litigants for unreasonable discovery demands, any more than it would reward attorneys for such abusive behavior. Plaintiff's discovery motions (docket #s 65, 71) will be denied.

In the last week, plaintiff has filed another spate of motions: a motion for temporary restraining order requiring his transfer to a different prison (docket # 74); a motion for preservation of evidence (docket # 76); a motion apparently asking the court to revise its order of partial dismissal, to indicate that all dismissals are without prejudice (docket # 78); and another discovery motion (docket # 79). Plaintiff's motions are all frivolous. His motion for a temporary restraining order seeks a transfer to a "handicapped housing facility." Plaintiff is now a level V prisoner at the

Ionia Correctional Facility, housed under one of the highest possible security levels on account of his institutional behavior. Any judicial interference with this housing arrangement, especially on an interlocutory basis, would require a clear showing of entitlement to relief. Plaintiff's one-page motion for a transfer, unsupported by evidence or citation to authority, is completely conclusory and does not begin to justify a transfer to some less secure facility or any of the other relief requested. Plaintiff's motion for preservation of evidence seeks to preserve the videotape of an incident that allegedly occurred on March 13, 2014, long after the events pleaded in the complaint, during which plaintiff allegedly was forced to drag himself to the shower area without ambulatory aid. Plaintiff has not established any grounds to believe that the tape is relevant to the claims alleged in the complaint, which pertains to events that occurred in 2013, or that it is in danger of spoliation. The motion for preservation (docket # 76) will therefore be denied. Plaintiff's motion to correct Judge Bell's order of October 28, 2013, in which plaintiff asks that all dismissals be without prejudice, is incomprehensible and provides no basis for the relief sought.

An order will be entered denying all plaintiff's pending motions. If plaintiff is serious about pursuing his case, he must limit his discovery to evidence relevant to his pending claims and resist the temptation to multiply the issues and the defendants involved in this litigation. If plaintiff believes that events at his present prison, involving parties not named as defendants in this case, give rise to further constitutional claims, he is free to file a separate lawsuit. Adding claims and parties to this case, or seeking the production of clearly irrelevant evidence, can only delay the ultimate resolution of this case, a result not in plaintiff's best interests.

Dated:  March 31, 2014                              /s/  Joseph G. Scoville
                                                    United States Magistrate Judge