UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| SEAN MICHAEL RYAN, #787263, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-525 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MICHIGAN DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). Plaintiff's complaint arises out of his confinement at the Ionia Maximum Correctional Facility (ICF). The defendants are the Michigan Department of Corrections (MDOC) and four state employees at ICF: Corrections Officer Paul Jensen, Corrections Officer Dewey Watkins, Assistant Resident Supervisor Jared Buchin and Warden Cathleen Stoddard. He alleges that he missed a number of meals at ICF between June 30, 2013, and July 18, 2013, because he had been returned to the prison's general population. He alleges that he received six meals in his cell, but Officer Watkins threw two of the meals on the floor, and Officer Jensen allegedly spat in the remainder. He alleges that Officers Watkins and Jensen violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause. He alleges that defendant Buchin retaliated against him in violation of his First Amendment rights by telling Jensen and Watkins that they were being sued. Plaintiff sues defendants Jensen, Watkins, and Buchin in

their individual and official capacities under section 1983 and seeks an award of damages and injunctive relief.

Plaintiff alleges that the MDOC and defendant Stoddard in her official capacity violated his rights under Title II of the ADA by failing to provide him with adequate mobility aids and by giving him an ICF cell assignment that made it difficult to walk to the dining hall, library, and the health care unit. He seeks damages and injunctive relief on his ADA claims.[1]

On February 27, 2013, defendants filed a motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (docket # 62). Plaintiff has filed his response. (docket #s 91, 92). For the reasons set forth herein, I recommend that plaintiff's claims for damages under section 1983 against defendants Jensen, Watkins, and Buchin in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity.[2] I further recommend that defendants' motion for summary judgment be granted and that all remaining claims against defendants be dismissed without prejudice.

**Applicable Standards**

A. **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a

---

[1] All other claims have been dismissed. (docket #s 32, 33, 35).

[2] The recommendation for dismissal for seeking monetary relief against an immune defendant is made under statutory authority. *See* 28 U.S.C. §§ 1915A(b)(2), 1915(e)(2)(B)(iii).

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549

(6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). Defendants' motion for summary judgment on the affirmative defense of failure to exhaust remedies is governed by this standard.

**B.      Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the Step I grievance. The following is an overview of the grievance process. Inmates must first attempt to resolve a problem within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control. *Id.* at ¶ P. If the mandatory

---

[3]A copy of the policy directive is found in the record. *See* docket # 63-2, ID#s 452-58.

pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted resolution. *Id.* The Policy Directive also provides the following directions for completing Step I grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the *facts* involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his or her involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Ketzner v. Williams*, No. 4:06-cv-73, 2008 WL 4534020, at * 16 (W.D. Mich. Sept. 30, 2008) (collecting cases); *accord Sullivan v. Kasajaru*, 316 F. App'x at 470.

   The inmate submits the grievance to a designated grievance coordinator who makes an initial determination whether it should be rejected under MDOC policy or assigns it to a respondent. P.D. 03.02.130 at ¶¶ W, X. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The Step II respondent is generally the warden or the warden's designee. *Id.* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF. The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was

due. *Id.* at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process. The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. Plaintiff filed this lawsuit on May 13, 2013. (docket # 1). He filed his amended complaint on September 25, 2013. (docket # 27).

Plaintiff has filed numerous grievances, and he has pursued some grievances through a Step-III decision by the MDOC's Grievance and Appeals Section. (*see e.g.*, docket #s 63, 92). He filed three grievances related to the claims that he is asserting in this lawsuit: ICF 13-09-1730-17Z, ICF-13-10-1891-27Z, and ICF-13-10-1858-28E. (ID#s 739, 744, 760). He filed Grievance No. 13-09-1730-17Z on September 10, 2013 (ID# 744), about two weeks before he filed his amended complaint. He filed the other two grievances in October 2013, after he filed his amended complaint. Plaintiff filed his amended pleading long before he had completed the MDOC's appeals process on any of these grievances.

## Discussion

### I.     Eleventh Amendment Immunity

Plaintiff's section 1983 claim for damages against defendants Jensen, Watkins, and Buchin in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.

Defendants Jensen, Watkins, and Buchin are entitled to dismissal with prejudice of plaintiff's claims for monetary damages against them in their official capacities.

## II. Defendants' Motion for Summary Judgment

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff generally offers vague arguments that he did not receive responses to his grievances and related grievance appeals. (Plf. Brief, docket # 92). On page 5 of his brief, he refers to an attached exhibit and argues that it supports his claim that he attempted to exhaust his administrative remedies against defendants Jensen and Watson. (*Id.* at 5, ID# 642) (citing Ex. A p, 53, ID# 700). "Arguments in parties' briefs are not evidence."[4] *Duha v. Agrium, Inc.*, 448 F.3d 867 879 (6th Cir. 879). Further, even assuming that plaintiff had submitted an affidavit or unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 providing evidence establishing that the exhibit is indeed a grievance that he attempted to file and pursue through a Step III decision, it would not solve his exhaustion problems. On its face, the exhibit states: "no Step II response[,] sent to Step II 11/27/13." (ID# 700). Plaintiff filed his amended complaint on September 25, 2013, long before he made any effort to appeal the purported grievance to Step II of the MDOC's grievance

---

[4]Plaintiff's amended complaint is not verified under penalty of perjury. Thus, it cannot be considered as an affidavit in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

appeals process.[5] Further, Officers Jensen and Watson are not even mentioned in the purported grievance. (*Id.*).

Plaintiff argues that he exhausted his ADA claims against the MDOC and Warden Stoddard because he complained about "accommodation issues during his incarceration." (Plf. Brief at 6, ID# 643) (citing Ex. A, 129-32, 153-55, 163-67, 168-72, 199-207, 212-29) (ID#s 776-79, 799-802, 810-14, 846-54, 859-76). Plaintiff's grievances about not seeing Dr. Czop as often as he would like (ID#s 776-79), not receiving "proper" prescription medication (ID#s 799-802), and not receiving "proper" medical treatment (ID#s 810-14, 815-18, 846-54, 869-76) did not exhaust any ADA claim. Further, the other grievances cited by plaintiff concerned conditions of his confinement at IBC, not the ADA claims regarding conditions of his confinement at ICF at issue in this lawsuit. Grievance No. IBC-11-07-1724-0281 was plaintiff's grievance regarding his cell assignment at IBC based on his belief that IBC "did not have ground floor housing." (ID#s 859-63). Grievance No. IBC-11-06-140012-I3 was a grievance against Dr. Bunker because he determined that plaintiff did not need a walker and that he did not have any medical condition which prevented him from being housed in IBC's general population. (ID#s 864-67). Plaintiff did not properly exhaust any claim against defendants before he filed this lawsuit. I find that defendants have carried their burden on the affirmative defense and are entitled to dismissal of all of plaintiff's claims.

---

[5] A prisoner cannot file his lawsuit first and then exhaust his administrative remedies after-the-fact. *See Garren v. Prisoner Health Servs.*, No. 11-14650, 2012 WL 4450495, at * 2 (E.D. Mich. Aug. 6, 2012); *Rhinehart v. Scutt*, No. 2-10-cv-10006, 2011 WL 679699, at * 5 (E.D. Mich. Jan. 14, 2011); *Ross v. Duby*, No. 1:09-cv-531, 2010 WL 3732234, at * 1 (W.D. Mich. Sept. 17, 2010).

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claims for damages under section 1983 against defendants Jensen, Watkins, and Buchin in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motion for summary judgment (docket # 62) be granted and that all plaintiff's remaining claims against defendants be dismissed without prejudice.


Dated:  April 30, 2014            /s/  Joseph G. Scoville
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).