UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

       Plaintiff,                             Case No. 1:13-CV-525

v.                                                 HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.

       Defendants.
_____/

**MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged deprivation and interference with meals in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and a statutory claim for violation of the Americans with Disabilities Act. Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. The matter was referred to Magistrate Judge Scoville, who issued a Report and Recommendation (R&R), recommending that this Court: (1) dismiss with prejudice Plaintiff's claims against Defendants in their official capacities based on Eleventh Amendment immunity; and (2) dismiss without prejudice Plaintiff's claims against Defendants in their individual capacities for failure to exhaust administrative remedies.

       The matter is presently before the Court on Plaintiff's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court

overrules the objections and issues this Memorandum Opinion and Order.

"[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff raises the following objections to the R&R: (1) that the Magistrate Judge did not consider his failure to supervise claim against Defendant Buchin; (2) that the Magistrate Judge applied the wrong standard in determining that the grievance process was available to him and that he failed to exhaust his administrative remedies; and (3) that the Magistrate Judge improperly granted Eleventh Amendment immunity to the Defendants, where they did not move for the same. As explained below, Plaintiff's arguments are without merit.

First, Plaintiff's claim against Defendant Buchin was one among many that the Magistrate Judge determined had not been properly exhausted. Plaintiff's second objection is that the Magistrate Judge did not "as required take all allegations made by Plaintiff to be true." (Pl.'s Obj. 1, ECF No. 109.) Plaintiff cites cases discussing the standard of review for a motion to dismiss. The Magistrate Judge did not err, however, in not taking Plaintiff's allegations as true because the present motion is one for summary judgment.

Plaintiff presents again his argument that he exhausted some of his grievances after filing his complaint and that he was prevented from completing the administrative process on other grievances by prison officials, with respect to both his § 1983 claims and his ADA claim. The Magistrate Judge addressed these arguments in detail. (R&R 10-11, ECF No. 107.) On de novo

review, the Court finds that the Magistrate Judge correctly analyzed Plaintiff's claim under controlling law.

Finally, Plaintiff objects that the Magistrate Judge improperly raised sovereign immunity sua sponte, and that in any event Defendants have waived their sovereign immunity. While not an issue such as subject-matter jurisdiction that a court is required to examine at any stage, Eleventh Amendment immunity may be examined by a court if it so chooses. *See Nair v. Oakland Cnty. Cmty. Mental Health Ass'n*, 443 F.3d 469, 474 (6th Cir. 2006). Plaintiff argues that by carrying liability insurance and indemnifying its employees, the State of Michigan, through its instrumentality Defendant Michigan Department of Corrections (MDOC), has waived its Eleventh Amendment immunity. These acts, however, are insufficient to waive Eleventh Amendment immunity. *See Id.* (discussing means by which a state may waive immunity). All of Plaintiff's objections are without merit, and will therefore be overruled.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. Because this action was filed in forma pauperis, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997).

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 109) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (ECF No. 107) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 62) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER CERTIFIED** that an appeal of this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997).

Dated: June 13, 2014                                                 /s/ Robert Holmes Bell
                                                                     ROBERT HOLMES BELL
                                                                     UNITED STATES DISTRICT JUDGE